UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| C.H. ROBINSON WORLDWIDE, INC., a corporation, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | 11 C 105 |
| AUSTER ACQUISITIONS, LLC, d/b/a THE AUSTER COMPANY, INC., a corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on several petitions for the approval of attorneys' fees and costs. For the reasons stated below, the petitions are granted in part and denied in part.

## BACKGROUND

On January 7, 2011, Plaintiff C.H. Robinson Worldwide, Inc. ("C.H. Robinson") filed a complaint against Defendants Auster Acquisitions, LLC d/b/a The Auster Company, Inc. ("Auster"), Tom Bastounes, Paul Duggan ("Duggan"), and The Estate of Dennis F. Nardoni, individually and in their corporate capacities, and Standard Bank and Trust Co., seeking enforcement of a trust pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(c)(4). Since a similar complaint was later

filed by Jack Tuchten Wholesale Produce, Inc. ("Jack Tuchten"), this Court consolidated the two cases. Thereafter, numerous creditors filed intervening complaints claiming trust rights under PACA and against Auster. Several claimants included requests for attorneys' fees and costs as part of their claims. In accordance with the Court's deadline for the parties to file objections to the claims, Duggan expressly reserved the right to challenge the reasonableness of attorneys' fees, but did not object to the claimants' right to recover attorneys' fees.

The following claimants now move for an order awarding attorneys' fees and costs in the amounts specified below:

| CLAIMANTS | ATTORNEYS' FEES |
|---|---|
| Jack Tuchten | **$15,010.16** |
| Ruby Robinson Company, Inc. ("Ruby Robinson") | **$2,916.34** |
| Strube Celery & Vegetable Company ("Strube Celery") | **$4,293.72** |
| Durango's Products, Inc. d/b/a Junior Produce ("Junior Produce") | **$5,720.04** |
| Everyday Fresh Produce, Inc. ("Everyday Fresh Produce") | **$2,221.25** |
| Produce Plus, Inc. ("Produce Plus") | **$14,318.09** |

| | |
|---|---|
| Keith Connell, Inc. ("Keith Connell") | $7,411.76 |
| Evergreen International, Inc. ("Evergreen") | $2,063.01 |
| RPE, Inc. d/b/a Russett Potato Exchange ("Russet Potato Exchange") | $5,144.91 |
| J.L Gonzalez Produce, Inc. ("J.L. Gonzalez Produce") | $3,000.74 |
| Emerald Packing Company, LLC ("Emerald Packing") | $12,632.50 |
| AMC Direct, Inc. ("AMC Direct") | $8,496.70 |
| C.H. Robinson | $63,199.37 |
| Dietz & Kolodenko Co. ("Dietz & Kolodenko") | $341.53 |
| Veg-Pro, Inc. ("Veg-Pro") | $4,734.20 |
| Mandolini Company, Inc. ("Mandolini") | $1,584.99 |
| Nico Mexi Foods, Inc. ("Nico Mexi") | $3,651.07 |
| Quality Foods Products, Inc. ("Quality Foods") | $11,436.00 |
| Domex Superfresh Growers, LLC ("Domex") | $12,342.20 |
| Hughes Produce Sales, Inc. ("Hughes Produce") | $595.01 |
| Scattaglia Growers & Shippers, LLC ("Scattaglia") | $9,936.66 |
| Tom Lange Co., Inc. ("Tom Lange") | $22,856.89 |

Duggan now objects to the award of attorneys' fees.

**LEGAL STANDARD**

PACA mandates that perishable agricultural commodities received by a merchant, dealer, or broker, as well as the sales proceeds from such commodities, are held in trust for the benefit of unpaid suppliers "until full payment of the sums owing in connection with such transactions has been received." 7 U.S.C. § 499e(c)(2). The three appellate courts resolving the issue of attorneys' fees under PACA have held that "where the parties' contracts include a right to attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under PACA." *Coosemans Specialities, Inc. v. Gargiulo*, 485 F.3d 701, 709 (3d Cir. 2007) (finding that attorneys' fees were recoverable under PACA because plaintiffs' invoices created an enforceable contract providing for such fees); *see also Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) (finding that the PACA language "unambiguously encompasses not only the price of commodities but also additional related expenses . . . includ[ing] attorney fees and interest that buyers and sellers have bargained for in their contracts"); *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1222-23 (9th Cir. 2002).

**DISCUSSION**

Duggan previously reserved his right to challenge the reasonableness of the fees. Now, for the first time and after the deadline for objecting to the claims has expired, Duggan argues that the claimants are not entitled to attorneys' fees under PACA. Even

though Duggan failed to timely object on this basis, and thus has waived his right to do so, the Court nevertheless follows the appellate courts' approach and finds that the claimants are entitled to attorneys' fees if the claimants had an enforceable contract providing for such fees.

Everyday Fresh Produce and Keith Connell base their claims for attorneys' fees and costs on an express contract term. Duggan does not argue that the provisions or contracts are unenforceable. Accordingly, the attorneys' fee provisions are part of the enforceable contracts between the claimants, Everyday Fresh Produce and Keith Connell, and Auster. Therefore, the Court grants their petitions for attorneys' fees.

All claimants, except for Everyday Fresh Produce, Keith Connell, Emerald Packing, and AMC Direct, assert a contractual right to attorneys' fees and costs based on fee language included in their invoices. Section 2-207 of the Illinois Compiled Statutes provides that, between merchants, additional terms in an acceptance or confirmation becomes part of the contract unless the offer expressly limits acceptance to the terms of the offer, the terms materially alter the contract, or the other party previously objected to the terms or objects within a reasonable time. 810 Ill. Comp. Stat. 5/2-207. Here, the parties are merchants, so the attorneys' fee provisions contained in the invoices are part of the contracts unless one of the exceptions applies. The party objecting to the inclusion of the attorneys' fee provision bears the burden of

proving the exception. *Comark Merch., Inc. v. Highland Grp., Inc.*, 932 F.2d 1196, 1201 (7th Cir. 1991). Because Duggan does not even argue that one of the exceptions applies, the attorneys' fee provisions are part of the enforceable contracts between the claimants and Auster. *See, e.g., Sato & Co. v. S&M Produce, Inc.*, 2010 WL 431601, at *5 (N.D. Ill. Feb. 2, 2010) (holding, pursuant to Section 2-207, that the attorneys' fee provisions are part of the enforceable contracts between the parties). The Court therefore grants the attorneys' fee petitions of Jack Tuchten, Ruby Robinson, Strube Celery, Junior Produce, Produce Plus, Evergreen, Russett Potato Exchange, J.L. Gonzalez Produce, C.H. Robinson, Dietz & Kolodenko, Veg-Pro, Mandolini, Nico Mexi, Quality Foods, Domex, Hughes Produce, Scattaglia, and Tom Lange.

Unlike the other claimants, Emerald Packing and AMC Direct do not point to any contractual right to attorneys' fees and costs. Accordingly, the Court denies their claims for attorneys' fees.

As a final matter, Duggan does not challenge the reasonableness of the rates charged by various counsel, but argues that the Court should significantly reduce the amount of recoverable fees because the fees represent a significant duplication of effort. Duggan provides no support for his proposition that the Court has authority to reduce the fees where the claimants are contractually entitled to such fees. Thus, the Court will not reduce the fees based on Duggan's unsubstantiated claim.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the petitions for attorneys' fees.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated: October 11, 2011