# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 105 | DATE | June 13, 2013 |
| CASE TITLE | C.H. Robinson Worldwide, Inc. vs. Auster Acquisitions, LLC et al | | |

**DOCKET ENTRY TEXT**

Standard Bank's motion (Doc [739]) for summary judgment is granted in part and denied in part. The motion is denied as moot with respect to the issue of supplemental jurisdiction. The motion is granted with respect to the applicability of Illinois law as it relates to § 284 in determining the breach of the PACA trust. Status hearing set for 6/26/2013 to stand.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

This matter comes before the Court on the motion of Defendant Standard Bank and Trust Co. ("Standard Bank") for summary judgment against original and intervening Plaintiffs ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is granted in part and denied in part.

The following facts are derived from the parties' respective statements and exhibits filed pursuant to Northern District of Illinois Local Rule 56.1. The Court reviews each Local Rule 56.1 statement and disregards any argument, conclusion, or assertion unsupported by the evidence in the record. Standard Bank is a financial services institution located in Hickory Hills, Illinois. Codefendant Auster Acquisitions LLC d/b/a The Auster Company, Inc. ("Auster"), a produce company, was formed as a managed member Illinois Limited Liability Company in 2006 by Tom Bastounes ("Bastounes"), Paul Duggan ("Duggan") and Dennis Nardoni ("Nardoni"), who each owned a one-third interest in Auster. Bastounes and Duggan are Illinois residents, and Nardoni is deceased.

Auster and Standard Bank entered into Term Loan Agreements which were amended several times. In addition to the loans, Auster also established a business checking account located in Illinois which it used for payroll, to pay creditors including those within the ambit of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, to make loan payments and to pay all other outstanding obligations of the company.

Auster unfortunately was not a profitable venture. It frequently overdrew on its account at Standard Bank and ultimately dissolved in January 2011. Many PACA creditors were still owed money due to Auster's having failed to pay them. On January 7, 2011, Plaintiff C.H. Robinson Worldwide, Inc. filed a complaint against Auster, Bastounes, Duggan, Nardoni's estate, and Standard Bank seeking enforcement of a trust pursuant to PACA, 7 U.S.C. § 499e(c)(4). Thereafter, the case was consolidated with a similar action filed by Plaintiff Jack

**ORDER**

Tuchten Wholesale Produce, Inc. *See Jack Tuchten Wholesale Produce, Inc. v. Auster Acquisitions LLC,* No. 11-cv-125 (N.D. Ill. 2011). Over two dozen creditors have since filed intervening complaints claiming rights to Auster's outstanding financial obligations. Thirty-five Plaintiffs now exist, eighteen of which are Illinois residents. The other seventeen reside in ten other states.

Through procedures implemented by this Court, a receiver was appointed, the PACA claims have been fixed and validated, and Auster has been liquidated. Plaintiffs obtained summary judgment against Auster, and Duggan obtained summary judgment against Plaintiffs. *See C.H. Robinson Worldwide v. Auster Acquisitions LLC*, No. 11 C 105, 2012 U.S. Dist. LEXIS 129728 (N.D. Ill. Sept. 11, 2012). On April 24, 2013, Standard Bank moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v.* Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* at 325. The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; he must go beyond the pleadings and support his contentions with documentary evidence. *Id.* A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2010).

Standard Bank seeks summary judgment on three issues: (i) Standard Bank claims that several Plaintiffs failed to plead supplemental jurisdiction as a basis for this Court's jurisdiction in the instant case; (ii) Standard Bank's liability to Plaintiffs should be assessed under state law and not PACA or any other federal law; and (iii) the applicable state law is that of Illinois. In its reply memorandum, Standard Bank concedes that the amended complaint since filed by the aforementioned Plaintiffs adequately cures the jurisdictional issue, thus rendering this portion of the instant motion moot. With respect to which, if any, state law is applicable, no party contends that any law other than that of Illinois is applicable. The Court need not address Standard Bank's analysis based on Illinois's choice of law rules and will apply Illinois law. Some Plaintiffs argue that this portion of the motion should be denied because Standard Bank has cited no conflict of laws. In a case involving the application of state law where there is no conflict between the law of the forum and that of another state, a district court must apply the law of the forum state in any event. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

PACA comprehensively regulates the national produce industry. In order to ensure the stability of the industry, PACA affords produce sellers several protections. Among these protections is the creation of a floating trust, whereby proceeds from the sale of perishable agricultural commodities received by a licensed dealer are held for the benefit of unpaid suppliers until payment for the commodities has been fully tendered. 7 U.S.C. § 499e(c)(2); *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002).

Several circuits have held that PACA's statutory trust provision allows plaintiffs to recover against a corporation for breaches of fiduciary duty created by the trust. *See, e.g., Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 421-22 (3d Cir. 2005); *Golman-Hayden Co., Inc. v. Fresh Source Produce*, 217 F.3d 348, 351 (5th Cir. 2000); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 180, 183 (9th Cir. 1997). The Seventh Circuit has concurred in dictum. *See Patterson*, 307 F.3d at 669. PACA does not, however, create a cause of action against an individual; rather, individual liability under PACA is based upon common law breach of trust principles. *Weis-*

**ORDER**

*Buy*, 411 F.3d at 421. This Court, citing *Weis-Buy*, concurred in its September 11, 2012 memorandum opinion. *See C.H. Robinson Worldwide*, 2012 U.S. Dist. LEXIS 129728, at *16-17. Plaintiffs allege that Standard Bank is liable as a third party for funds that it received from Auster, who was under a duty to protect PACA trust assets which were included in those funds.

The Court reaffirms its prior holding in the instant case. General principles of trust law apply when assessing Standard Bank's liability. Illinois courts have adopted the Restatement (Second) of Trusts § 284 (1959) ("§ 284"). *See Kurowski v. Burch*, 312 N.E.2d 284, 286 (Ill. 1974). This section provides a defense for bona fide purchasers who are sued for improperly distributed trust assets.

There is no Seventh Circuit precedent interpreting Illinois law with respect to third party liability for breach of a PACA trust. Other circuits have, however, held that state trust laws apply, but these circuits have interpreted laws of states other than Illinois. *See, e.g., E. Armata, Inc. v. Korea Commercial Bank of New York*, 367 F.3d 123, 129 (2d Cir. 2004); *Nickey Gregory Co. v. AgriCap, LLC*, 597 F.3d 591, 596 (4th Cir. 2010); *Reaves Brokerage v. Sunbelt Fruit and Vegetable*, 336 F.3d 410, 413 (5th Cir. 2010). The Court agrees that to sustain a claim for breach of the PACA trust against Standard Bank, Plaintiffs will need to do so under the principles of § 284, the applicable law of Illinois. The Court may, of course, consider federal decisions interpreting PACA as persuasive authority, though these decisions are not controlling. The Court holds that § 284 and interpretations of it by Illinois courts are controlling.

For the foregoing reasons, Standard Bank's motion is denied as moot with respect to the issue of supplemental jurisdiction. The motion is granted with respect to the applicability of Illinois law as it relates to § 284 in determining the breach of the PACA trust.

Date: **June 13, 2013**

**CHARLES P. KOCORAS**
**U.S. District Judge**